STATE OF MAINE
ANDROSCOGGIN, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AUBSC-RE-15-52

U.S. BANK, NATIONAL,
ASSOCIATION, as trustee for
RMAC TRUST, SERIES 2012-5T,

Plaintiff,

v.

BARCLAYS BANK PLC, f/k/a
EQUIFIRST CORPORATION,

Defendant,

and

THOMAS W. BYRNE, a/k/a
THOMAS BYRNE,
ANNA MARIE BYRNE,
MAINE REVENUE SERVICE,
LVNV FUNDING, LLC,
PORTFOLIO RECOVERY
ASSOCIATES, LLC,

Parties-in-Interest.

)
) RECEIVED & FILED
)
) JUN 16 2016
)
) ANDROSCOGGIN
) SUPERIOR COURT
)           ORDER ON PLAINTIFF'S MOTION TO
)           VOLUNTARILY DISMISS COMPLAINT
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Presently before the court is Plaintiff U.S. Bank, National Association's motion to

dismiss its complaint for declaratory judgment and title against Defendant Barclays

Bank PLC. Based on the following, Plaintiff's complaint is dismissed with prejudice.

I.      BACKGROUND

According to Plaintiff's complaint, on July 20, 2007, Parties-in-Interest Thomas

W. Byrne and Anna Marie Byrne ("the Byrnes") executed and delivered to Equifirst

Corporation a promissory note in the amount of $161,5000.00. (Compl. ¶ 8.) To secure

the note, the Byrnes executed a mortgage deed in favor of Mortgage Electronic

Registration System, Inc. ("MERS"), as nominee for Equifirst Corporation. (*Id.* ¶ 10.)

The secured property is located at 21 Tyler Street in Auburn, Maine. (*Id.*) The mortgage

deed was recorded in the Androscoggin County Registry of Deeds in Book 7229, Page 226. (*Id.*) Plaintiff asserts that, on September 26, 2012, MERS assigned the mortgage deed to The Bank of New York Mellon Trust Company, National Association, which in turn assigned mortgage to Plaintiff on December 28, 2012. (*Id.* ¶¶ 12-14.)

In 2014, the Law Court held that, because MERS has only the right to record the mortgage and no ability to assign the right to foreclose on the mortgage, an assignee from MERS lacks standing to foreclose on a mortgage. *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 14-17, 96 A.3d 700. Therefore, Plaintiff in this case has no standing to seek foreclosure on the mortgage deed executed by the Byrnes.

To resolve its standing problem, Plaintiff filed this action for declaratory judgment and title against Defendant Barclays Bank PLC on June 5, 2015. Plaintiff's complaint seeks a "confirmatory *Nunc Pro Tunc* order" reaffirming the assignment of the mortgage from MERS to Plaintiff. (Compl. ¶ a.) Plaintiff also seeks a declaratory judgment that it is both the owner of the subject note and mortgage. (*Id.* ¶ b.) Defendant Barclays Bank PLC did not answer the complaint and has not appeared in this action. The Byrnes, as parties-in-interest, did answer the complaint and have appeared in this action.

On November 16, 2015, Plaintiff filed a motion for partial default judgment and judgment on the pleadings against Barclays Bank PLC affirming the assignment by MERS and declaring Plaintiff the owner of the subject note and mortgage. (Pl. Mot. for Default J. 4-5.) The Byrnes filed an opposition to the motion for default judgment and a motion for sanctions against Plaintiff's counsel on December 7, 2015. Plaintiff timely replied to the Byrnes' opposition on December 14, 2015, and filed an opposition to the motion for sanctions on December 30, 2015. The Byrnes' timely replied to the opposition. Oral argument on both motions was held on February 2, 2016.

On March 3, 2016, while the court's decisions on the motion for default judgment and the motion for sanctions were still pending, Plaintiff filed this motion, which Plaintiff's counsel has titled a "motion to dismiss action as moot." Plaintiff asserts that it has obtained a quitclaim assignment from original lender Equifirst Corporation assigning any and all rights it may have under the mortgage to Plaintiff. (Pl. Mot. to Dismiss 2, Ex. A.) Thus, according to Plaintiff, its complaint for declaratory judgment and title against Defendant Barclays Bank PLC is now moot.

The Byrnes filed an opposition to Plaintiff's motion to dismiss on March 25, 2016. The Byrnes do not oppose dismissal of this action, but argued that the court should impose terms and conditions upon dismissal pursuant to Maine Rule of Civil Procedure 41(a)(2). (Byrne Resp. to Pl. Mot. to Dismiss 1.) The Byrnes also argued that the court should still act on their motion for sanctions against Plaintiff's counsel. (*Id.*) However, on June 2, 2016, the Byrnes withdrew their motion for sanctions and their opposition to the motion to dismiss. The Byrnes consent to the dismissal of this action without any fees or costs to either party.

## II.    STANDARD OF REVIEW

Plaintiff's motion to dismiss does not address, or even cite, the applicable Rule of Civil Procedure governing the dismissal of its complaint. Maine Rule of Civil Procedure 41(a) governs the voluntary dismissal of an action by a plaintiff. Rule 41(a) states, in relevant part, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. … Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." M.R. Civ. P. 41(a)(2).

## III.    DISCUSSION

Rule 41 permits a plaintiff to voluntarily dismiss an action it no longer wishes to pursue.  Because Plaintiff believes that the quitclaim assignment it has obtained satisfies its objectives and it no longer wishes to pursue its declaratory judgment action against Barclays Bank PLC, the court will dismiss this action pursuant to Rule 41.  Because Plaintiff has moved to voluntarily dismiss its complaint, the court need not decide whether Plaintiff's claim is moot as a matter of law.  In fact, the court expressly declines to rule or opine on the validity of the quitclaim assignment at this time and whether it moots Plaintiff's complaint.

Though the court grants the motion to voluntarily dismiss its complaint, the court notes that Plaintiff's filings throughout this case have been less than scrupulous.  In some instances, Plaintiff has led the court believe that Equifirst Corporation no longer exists and that Barclays Bank PLCS is the proper defendant.  In other instances, the Plaintiff has averred that Equifirst Corporation is the real defendant in this case.  Plaintiff's motion to dismiss and the quitclaim assignment have done nothing to clarify the facts in this case or assuage the court's concerns that Plaintiff's counsel has played fast and loose with facts and possibly made misrepresentations to this court.

To begin with, in the caption of the complaint, Plaintiff asserts that the defendant in this action is "Barclays Bank PLC f/k/a Equifirst Corporation."  Thus, Plaintiff has represented to the court that Defendant Barclays Bank PLC is "formerly known as" Equifirst Corporation, implying to the court that the Equifirst Corporation no longer exists and that Barclays Bank PLC is its successor.

However, this representation is immediately contradicted by allegations in the complaint.  The introduction to the complaint states that Plaintiff "complains against Defendant Equifirst Corporation as follows..."  (Compl. 1.)  Paragraph 2 of the

complaint further states, "Defendant Equifirst Corporation is a corporation located at 500 Forest Point Circle, Charlotte, County of Mecklenburg, and State of North Carolina." (*Id.* ¶ 2.) Thus, according to the complaint, Equifirst Corporation is an existing entity with a principle place of business in North Carolina. The complaint contains no allegations regarding Barclays Bank PLC, its relationship to Equifirst Corporation, or why Barclays Bank PLC is the named defendant in this case. In fact, other than the caption, the complaint does not even mention Barclays Bank PLC.

The affidavit of service filed by Plaintiff's counsel further adds to the confusion. The summons and complaint were not served on Equifirst Corporation at the North Carolina address alleged in the complaint. Rather, according to the affidavit of service, the complaint and summons were served on Barclays Bank PLC at its offices in Wilmington, Delaware.

Furthermore, though Plaintiff's complaint alleges that Equifirst Corporation is the real defendant in this action, its motion for default judgment and judgment on the pleadings, Plaintiff asks the court to enter default judgment against "Defendant, Barclays Bank PLC f/k/a Equifirst Corporation." (Pl. Mot. Default J. 2.) Plaintiff asserts that it is entitled to judgment against "Defendant, Barclays Bank PLC f/k/a Equifirst Corporation" because it failed to answer the complaint. (*Id.* at 4.) Again, Plaintiff's repeated assertions that Barclays Bank PLC is "formerly known as" Equifirst Corporation implies to the court that Equifirst Corporation no longer exists, contrary to the allegations in the complaint.

In their opposition to default judgment, the Byrnes argue that, based on the allegations contained in complaint, Equifirst Corporation is the proper defendant in this action and that Plaintiff cannot obtain a default judgment declaring the MERS

assignment valid based on Barclays Bank PLC's failure to appear in this action. (Byrne Opp'n to Pl. Mot. Default J. 2-4.)

The Brynes also provided the court with documentary evidence that appears to confirm Equifirst Corporation no longer exists. In support of their opposition to default judgment, the Byrnes submitted a document bearing the seal of the Secretary of State of North Carolina that purports to be the Articles of Dissolution for Equifirst Corporation. (Byrne Aff. Ex. 1.) According to the Articles of Dissolution, Equifirst Corporation was dissolved as of June 15, 2010. (*Id.*) The Articles of Dissolution list Michael Montgomery as the President and CEO and Christopher J. Tucci as the Senior Vice President and Secretary of Equifirst Corporation in 2010. (*Id.*) The Articles of Dissolution was signed by Michael Montgomery. (*Id.*) Thus, according to the Byrnes, Equifirst Corporation ceased existence in June 2010.

Plaintiff's reply to the Byrnes' opposition does not object to, or even address, the Articles of Dissolution. Rather, Plaintiff's counsel asserts that Barclays Bank PLC purchased Equifirst Corporation in April 2, 2007, before the Byrnes ever executed the Note and Mortgage at issue in this action. (Pl. Reply to Byrne Opp'n to Pl. Mot. Default J. 4.) In support of its assertion, Plaintiff has provided two purported United States Securities and Exchange Commission ("SEC") filings. (*Id.* Exs. A & B.) The first is a SEC Form 6-K from January 2007 announcing an agreement between Barclays Bank PLC and Regions Financial Corporation for Barclays Bank PLC to acquire Equifirst Corporation. (*Id.* Ex. A.) The second is another SEC Form 6-K announcing that the sale of Equifirst Corporation from Regions Financial Corporation to Barclays Bank PLC had been completed on April 2, 2007. (*Id.* Ex. B.) Plaintiff has provided no evidence that the Equifirst Corporation acquired by Barclays Bank PLC is the same Equifirst Corporation

that was the original lender in this action or whether that Equifirst Corporation is a different entity from the Equifirst Corporation that was dissolved in 2010.

Now, in its motion to dismiss its complaint, Plaintiff has provided an alleged quitclaim assignment of the mortgage rights from Equifirst Corporation to Plaintiff. (Pl. Mot. Dismiss Ex. A.) The quitclaim assignment is dated February 12, 2016. (*Id.*) The quitclaim assignment is signed by Renee Y. Parlato, who purports to be the Vice President of Equifirst Corporation. (*Id.*) The quitclaim assignment was executed in North Carolina and was witnessed by Karen L. Stacy, a notary public. (*Id.*) Attached to the quitclaim assignment in another document, which purports to attest that Renee Y. Parlato and Karen L. Stacy were both appointed Vice President and Assistant Secretary of Equifirst Corporation in April 2009. (*Id.*) This documents is purportedly signed by Jeffery G. Tennyson and Robin L. Allock as the "Directors" of Equifirst Corporation in 2009. (*Id.*)

Based on the above record, the court is suspicious of the many contradictory allegations and averments made by Plaintiff's counsel throughout this case. The court has many questions about Plaintiff's filings and their contradictory assertions:

- If Equifirst Corporation has existed this entire time and was able to provide a quitclaim assignment, then why has Plaintiff's counsel repeatedly asserted that Barclays Bank PLC is "formerly known as" Equifirst Corporation?

- Plaintiff's complaint alleged that Equifirst Corporation was the proper defendant in this action and had principle place of business in North Carolina, so why did Plaintiff's counsel name Barclays Bank PLC as the defendant?

- If Equifirst Corporation existed this entire time and Plaintiff's counsel knew its principle place of business was in North Carolina, then why did Plaintiff's

counsel serve the summons and complaint on Barclays Bank PLC in Wilmington, Delaware and seek a default judgment against Barclays Bank PLC?

- Did original lender Equifirst Corporation dissolve in 2010 as the Article of Dissolution purport? If so, how did Plaintiff's counsel obtain a quitclaim assignment in 2016?

- If Equifirst Corporation was acquired by Barclays Bank PLC in early 2007, as Plaintiff's counsel avers, then what is the corporate relationship between Barclays Bank PLC and Equifirst Corporation? Is Equifirst Corporation a separate entity? Did that Equifirst Corporation dissolve in 2010?

- Barclays Bank PLC is the named defendant in this case. Plaintiff's counsel has repeatedly averred that Barclays Bank PLC is the successor to Equifirst Corporation. So, why did Plaintiff's counsel not obtain a quitclaim assignment from Barclays Bank PLC?

- Is there more than one entity named Equifirst Corporation? If so, which Equifirst Corporation was the original lender in this action?

Plaintiff's filings in this action have provided no answers to these questions. Because of Plaintiff's counsel's contradictory averments and allegations, the court is extremely skeptical of Plaintiff's filings and assertions in this matter. In light of Plaintiff's contradictory assertions and the other evidence in the record, the court is far from convinced that the quitclaim assignment obtained by Plaintiff sufficiently confers standing to enforce the mortgage.

Nevertheless, because Plaintiff seeks to voluntarily dismiss this action, the court need not answer these questions or decide those issues. However, because Plaintiff's

filings in this action have been less than scrupulous and contradictory, the court shall dismiss this action with prejudice.

## IV. CONCLUSION

Based on the foregoing, Plaintiff U.S. Bank, National Association's motion to voluntarily dismiss its complaint for declaratory judgment and title against Defendant Barclays Bank PLC is granted. Plaintiff's complaint is dismissed with prejudice.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: June 15, 2016

_____
Mary Gay Kennedy
Justice, Superior Court